IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **QUINCY BIOSCIENCE, LLC**<br><br>    PLAINTIFF<br><br>vs.<br><br>**QUALITY SALES & DEALS LLC;**<br>**BENAJAMIN CHAMS**<br><br>    DEFENDANTS | Case No. 1:17-cv-5788<br><br><br>JURY REQUESTED |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS

This is a suit by Plaintiff Quincy Bioscience, LLC ("Quincy") against Defendants Quality Sales & Deals LLC ("QSD") and Benjamin Chams ("Chams,") (collectively "Defendants") for damages and injunctive relief arising out of Defendant's misappropriation and use of Plaintiff's PREVAGEN® trademark. As set forth below, Defendant's unlawful acts constitute trademark infringement and unfair competition under the Lanham Act and Illinois state law, dilution under the Federal Trademark Dilution Act and Illinois Trademark Registration and Protection Act, and deceptive conduct under the Illinois Uniform Trade Practices Act.

### PARTIES

1.    Plaintiff Quincy Bioscience, LLC ("Quincy") is a Wisconsin corporation with an address at 726 Heartland Trail, Suite 300, Madison, Wisconsin, 53717.

2.    Defendant Quality Sales & Deals, LLC ("QSD") is a New York corporation which operates under the seller identification "Quality Sales & Deals, LLC" is registered with the New York State Department of State at the address 2138 Ocean Parkway, Brooklyn, New

York, 11223, and further conducts business at Post Office Box 230426, Brooklyn, New York, 11223.

3. Upon information and belief, Defendant Benjamin Chams is an individual residing at 1318 Brooklyn Avenue S., Brooklyn, New York, 11229, and either also resides or has previously resided at 2138 Ocean Parkway, Brooklyn, New York, 11223.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the federal trademark and unfair competition claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

5. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statute and the common law of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Defendants are subject to this Court's jurisdiction because they regularly conduct business in this District, have committed the acts complained of herein in this District, and their acts have caused harm in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), and Defendant is doing business in the Northern District of Illinois by, among other things, selling its products within this District.

## FACTUAL BACKGROUND

8. This action arises from Defendants' unlawful use of Plaintiff's PREVAGEN® trademark.

9. Quincy is a research-based biotechnology company which develops, markets and sells dietary supplements used for, *inter alia*, the support of cognitive function. Since at least as early as 2007, Quincy has used the trademark PREVAGEN® in commerce in connection to dietary supplements.

10. Quincy's high-quality dietary supplements, including its PREVAGEN® line of dietary supplements, are widely available for retail purchase in brick and mortar stores throughout the United States. Quincy's PREVAGEN® supplements are also widely marketed and distributed by way of various Internet websites.

11. Quincy owns all rights to U.S. Trademark Registration No. 3,349,744 for the PREVAGEN® mark, which is used in connection with "dietary supplements" in International Class 005 and United States Classes 006, 018, 044, 046, 051, and 052. The PREVAGEN® mark was registered on December 4, 2007. By virtue of Quincy's long and continuous use of its mark, the foregoing trademark registration is now legally incontestable pursuant to 15 U.S.C § 1065. A copy of U.S. Trademark Registration No. 3,349,744 is attached hereto as Exhibit A.

12. The use by Quincy of its distinctive PREVAGEN® mark for its quality nutritional supplement product has led Quincy to acquire valuable goodwill and name-recognition within the dietary supplement industry.

13. Quincy's PREVAGEN® product is sold packaged in a single facing box, which contains a bottle of dietary supplements sealed with a plastic safety overwrap and a product information sheet. Both the box and the sheet contain valuable information regarding the product which is not present on the bottle label, including information on the use of the product, answers to frequently asked questions about the product, and a toll-free number for contacting Quincy.

14. Quincy offers a money-back guarantee to purchasers of genuine PREVAGEN® products, which does not extend to purchases from unauthorized sellers of PREVAGEN® products.

15. Defendant QSD sells dietary supplements to customers in the United States and abroad on internet retail websites such as amazon.com (and others) under the seller ID "Quality Sales & Deals," including dietary supplements identified as PREVAGEN® with accompanying pictures of bottles of Plaintiff's PREVAGEN® products, including but not limited to Plaintiff's PREVAGEN® Regular Strength product.

16. Upon information and belief, Defendant QSD has sold dietary supplements identified as Plaintiff's PREVAGEN® Regular Strength product and other PREVAGEN® products in altered packaging which lacks one or more of the security seals, and product information sheets found in or accompanying PREVAGEN® products sold by authorized sellers.

17. The missing money-back guarantee, security seals, and/or product information sheets of Defendant QSD's products each represent a material difference between Plaintiff's PREVAGEN® products and Defendant QSD's products.

18. Defendant Chams is believed to have acted in in concert and in active participation with QSD in the sale and delivery of Defendants QSD's products.

19. Defendants are not authorized dealers of Plaintiff's PREVAGEN® products.

20. Plaintiff has used the PREVAGEN® trademark in connection with dietary supplements since long prior to Defendant QSD's first use thereof.

21. Upon information and belief, Defendants had knowledge of Quincy's prior use and registration of the PREVAGEN® trademark, and acted willfully and with intent to deceive consumers in its adoption and use of the PREVAGEN® mark.

22.     On or about December, 2016, Plaintiff notified amazon.com of Defendant QSD's unauthorized sales and requested amazon terminate QSD's listings on amazon.com of goods identified as Plaintiff's PREVAGEN(s) products. Amazon agreed to Plaintiff's request and deactivated such listings.

23.     Upon information and belief, one or both of Defendants subsequently contacted Amazon through an e-mail manipulated to appear as it had been sent by Quincy. The email stated that the dispute between Quincy and QSD had been resolved and that Amazon could reinstate QSD's listings. Amazon subsequently restored QSD's listings.

24.     Amazon restored QSD's listings as a result of being misled to believe that Quincy had requested that QSD's listings be restored.

## COUNT I
## TRADEMARK INFRINGEMENT
**(15 U.S.C. § 1114)**

25.     Plaintiffs repeat and re-allege the foregoing paragraphs above as if fully set forth herein.

26.     Defendants are using Plaintiffs' registered PREVAGEN® trademark in interstate commerce in connection with Defendants' nutritional supplement products.

27.     Defendants' use of the PREVAGEN® mark is without Plaintiff's consent.

28.     Plaintiff has used the PREVAGEN® trademark in connection with dietary supplements since long prior to Defendants' first use thereof.

29.     PREVAGEN® is registered on the principal register in the United States Patent and Trademark Office for the same type of goods upon or in connection with which Defendants use the mark.

5

30. Defendants' use of the PREVAGEN® mark in connection with dietary and nutritional supplements is likely to cause confusion or mistake among consumers, or to deceive consumers as to the source of such goods or as to an affiliation between Plaintiff and Defendant QSD, in violation of 15 U.S.C. § 1114(1).

31. Upon information and belief, Defendants adopted and uses the PREVAGEN® mark in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and appropriate the reputation and goodwill that Plaintiff has built up in those marks and confuse consumers as to the affiliation between Defendants and Plaintiff, and to divert customers and revenue from Plaintiff.

32. Upon information and belief, Defendants intentionally use the PREVAGEN® mark in connection with the sale, offering for sale, or distribution of Defendants' goods.

33. The aforementioned actions and activities of Defendants have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

34. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

35. Upon information and belief, Defendants have made or will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

36. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT III
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

37. Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

38. Defendants' use of the PREVAGEN® mark which is identical or confusingly similar to Quincy' PREVAGEN® mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant QSD with Quincy, or as to the origin, sponsorship, or approval of Defendant QSD' goods, services, or commercial activities by Quincy.

39. Defendants' actions, as set forth, constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

40. Upon information and belief, Defendant have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

41. Upon information and belief, Defendants intend to continue its infringing acts, unless restrained by this Court.

42. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT IV
## DILUTION (LANHAM ACT)
## 15 U.S.C. §1125(c)

43. Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

44. Plaintiff's PREVAGEN® mark is famous.

45. Defendants' use of the PREVAGEN® mark commenced after Plaintiff's PREVAGEN® mark became famous.

46. Defendant QSD has used the PREVAGEN® mark in commerce.

47. Defendants' wrongful acts, as detailed above, dilute the distinctive quality of Plaintiff's distinctive PREVAGEN®  by blurring and consequently are likely to injure Plaintiff's business reputation.

48. Defendants willfully intended to trade on the recognition of Plaintiff's PREVAGEN® mark.

49. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged.  Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT IV
## DILUTION (ILLINOIS TRADEMARK REGISTRATION AND PROTECTION ACT) 765 ILCS 1036

50. Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

51. Plaintiff's PREVAGEN® mark is famous.

52. Defendants' use of the PREVAGEN® mark commenced after Plaintiff's PREVAGEN® mark became famous.

53. Defendant QSD has used the PREVAGEN® mark in commerce.

54. Defendants' wrongful acts, as detailed above, dilute the distinctive quality of Plaintiff's distinctive PREVAGEN® and are likely to injure Plaintiff's business reputation, in violation of Section 765 ILCS 1036/65.

55. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

### COUNT V
### UNFAIR COMPETITION
### Illinois Common Law

56. Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

57. This is a claim against Defendants for unfair competition under the common law of the State of Illinois.

58. Defendants' use of Quincy's PREVAGEN® mark is likely to and does permit Defendants to pass off QSD products as those of Quincy, all to the detriment of Quincy and the unjust enrichment of Defendants.

59. Defendants' unauthorized use of the PREVAGEN® mark has caused and is likely to continue to cause damage to Quincy's valuable reputation and image associated with Quincy and its PREVAGEN® product. Defendants have passed off its goods as those of Quincy by Defendants' misrepresentations to the public, members of which are likely to believe that Defendant's goods and the products they advertise emanate from, or are associated with, Quincy.

60. By reason of the foregoing, Defendants are liable to Plaintiff for compensatory damages and/or Defendants' illicit profits.

### COUNT VI
### ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### 815 ILCS 510

61. Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

62. Plaintiff has suffered, and continue to suffer, actual injury in fact due to the deliberate acts of infringement by Defendants without regard to Plaintiff's legal, contractual, and exclusive proprietary rights.

63. Defendants knowing acts and practices as detailed above constitute acts of unlawful, unfair or deceptive business acts and practices that have a substantial likelihood of consumer confusion within the meaning of Illinoi's Uniform Deceptive Trade Practices Act 815 ILCS 510/2. Defendants have engaged in transactions that are in violation of numerous provisions of Illinois law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. That Defendants and their agents, servants, employees, and attorneys and those persons in active concert or participation with or controlled by them be preliminarily and permanently enjoined from:

    i. Using the PREVAGEN® mark;

    ii. Using any mark or symbol that may be calculated to represent, or which has the effect of representing, that the services or products of Defendants are sponsored by, authorized by, or in any way associated with Plaintiffs;

    iii. Falsely representing that Defendants are associated with or sponsored by Plaintiff or engaging in any act which is likely to cause the trade or purchasing public to believe that Defendants are in any way associated with or sponsored by Plaintiff; and

    iv. That Defendants be required to account to Plaintiff for any profits derived by it and for damages sustained by Plaintiff by reason of the acts of trademark

infringement, dilution, deceptive and unfair trade practices, and unfair competition complained of herein.

B.  That judgment be entered against Defendants for: Plaintiff's damages and Defendants' profits; statutory damages; treble damages or profits, whichever are greater; prejudgment interest; and attorneys' fees pursuant to the Lanham Act, Illinois Trademark Registration and Protection Act, and Illinois Uniform Deceptive Trade Practices Act and the common law of the State of Illinois for Defendants' willful infringement and dilution of Plaintiff's marks; and.

C.  That this Court grant to Plaintiff any further relief deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action under Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 9, 2017.                                    Respectfully submitted,

By:  _/s/ Daniel S. Tyler_
Ryan M. Kaiser
Illinois Reg. No. 6289873
Jonathan J. Krit
Illinois Reg. No. 6201473
Sanjay S. Karnik
Illinois Reg. No. 6300156
Daniel S. Tyler
Illinois Reg. No. 6315798
AMIN TALATI UPADHYE, LLP
100 S. Wacker Dr., Suite 2000
Chicago, IL 60606
Telephone: (312) 466-1033
Facsimile: (312) 884-7352

Attorneys for Plaintiff
Quincy Bioscience, LLC